**STATE of Missouri, Respondent,**

v.

**Patrick COTTON, Appellant.**

**No. ED 98477.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 30, 2013.

Gregory L. Barnes, Jefferson City, MO, for respondent.

Amy M. Bartholow, Columbia, MO, for appellant.

Before ROBERT G. DOWD, JR. P.J., ROY L. RICHTER, J., and ANGELA T. QUIGLESS, J.

### ORDER

PER CURIAM.

Patrick Cotton ("Appellant") appeals from the judgment of his conviction by a jury of committing violence against an employee of the Department of Corrections, a class B felony, in violation of Section 217.385.[1] On appeal, Appellant first argues the trial court abused its discretion in overruling his motion to dismiss in that the State destroyed potentially exculpatory video footage in bad faith. Second, Appellant argues the trial court erred in denying his motion to strike Venireperson Ledbetter ("Ledbetter") for cause because she was not qualified to serve on the jury in that the totality of her answers revealed a pre-existing bias in favor of law enforce-

---

1. All statutory references are to RSMo (2000), unless otherwise indicated.

ment witnesses that she would not be able to set aside. We affirm.

We have reviewed the briefs of the parties and the record on appeal. First, we find Appellant failed to show any bad faith on the part of the State. Accordingly we do not find the trial court abused its discretion in overruling the motion to dismiss. Second, our review of the entire *voir dire* examinations supports the trial court's ruling the Ledbetter's answers indicated she had the ability to evaluate all testimony by the same standard and to accord both sides a fair trial. We do not find a clear abuse of discretion in finding that Ledbetter was qualified to serve as a juror. An extended opinion would have no jurisprudential purpose. We have, however, provided a memorandum setting forth the reasons for our decision to the parties for their use only. We affirm the judgment pursuant to Rule 30.25(b) Mo. R.Crim. P.(2012).